UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARINA CONERLY,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN PATRICK WINN, et al.,<br><br>    Defendants, | No. 2:21-cv-01076-TLN-JDP<br><br>**ORDER** |

      Plaintiff Carina Conerly ("Plaintiff") is a state prisoner, proceeding *pro se*, with a civil rights action pursuant to 42 U.S.C. § 1983. On February 1, 2022, the Court dismissed this action and judgment was entered. (ECF Nos. 6, 7.) Plaintiff appealed the judgment to the Ninth Circuit Court of Appeals. (ECF No. 8.)

      On February 15, 2022, the Ninth Circuit referred the matter to this Court for the limited purpose of determining whether Plaintiff's *in forma pauperis* ("IFP") status should continue on appeal or whether the appeal is frivolous or taken in bad faith. (ECF No. 11 at 1 (citing 28 U.S.C. § 1915(a)(3); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002)).)

      "An appeal may not be taken [IFP] if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). "The test for allowing an appeal [IFP] is easily met ... [t]he good faith requirement is satisfied if the [appellant] seeks review of any issue that is 'not

1

frivolous.'" *Gardner v. Pogue*, 558 F.2d 548, 550–51 (9th Cir. 1977) (quoting *Coppedge v. U.S.*, 369 U.S. 438 445 (1962)); *see also Hooker*, 302 F.3d at 1092 (noting that an appeal is taken in "good faith" if it seeks review of "non-frivolous" issues and holding that if at least one issue or claim is non-frivolous, the appeal must proceed IFP as a whole). An action is frivolous "where it lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, the term "frivolous," as used in § 1915 and when applied to a complaint, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id.

As detailed by the magistrate judge in the January 3, 2022 Findings and Recommendations that were subsequently adopted by this Court on February 1, 2022, Plaintiff's Complaint was frivolous and duplicative of other equally frivolous cases. (ECF Nos. 4, 6.) The Court therefore adopted the magistrate judge's recommendation to dismiss the Complaint with prejudice as frivolous. (ECF No. 6.) In sum, there are no valid grounds upon which an appeal can be based given that none of the arguments Plaintiff presented to this Court are non-frivolous.

Based on the record before it, the Court finds that Plaintiff's appeal taken from its February 1, 2022 Order is frivolous and not taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *Hooker*, 302 F.3d at 1092; *Neitzke*, 490 U.S. at 325. Plaintiff's IFP status on appeal should therefore be revoked.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's *in forma pauperis* status on appeal is hereby REVOKED; and

2. The Clerk of the Court is directed to serve this Order on the Ninth Circuit Court of Appeals in Case No. 22-15221.

IT IS SO ORDERED.

DATED: March 8, 2022

Troy L. Nunley
United States District Judge